IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERALD YOUNG,
     Plaintiff,

vs.                       Case No.:  3:16cv257/RV/EMT

WILLIAM BROACH, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Derald Young ("Young"), proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  Young's complaint consisted of multiple unrelated claims against unrelated Defendants, including a claim of excessive force by officers at Century Correctional Institution ("Century C.I.") on February 23, 2016, and a claim of excessive force by different officers at the Reception and Medical Center ("RMC') on December 5, 2015 (*see id.*).

The court screened the complaint, as it is required to do under the Prison Litigation Reform Act ("PLRA"), and issued an order on November 2, 2016, directing Young to amend his complaint because he had improperly joined Defendants and claims (ECF No. 15).  The court advised Young that persons cannot be joined in one action as Defendants unless Young's claims against them arose out of the same

transaction, occurrence, or series of transactions or occurrences, and the claims shared a common question of law or fact (*id.* (citing Fed. R. Civ. P. 20 and Section V of the court-approved Section 1983 complaint form)).  The court explained that Young's excessive force claim against three correctional officers at Century C.I. (Defendants Broach, Morris, and an unidentified officer candidate) concerning a use of force on February 23, 2016, did not share an aggregate of operative facts with Young's excessive force claim against correctional officers at the Reception and Medical Center (Defendant Henderson and unidentified officers) concerning a use of force on December 5, 2015.[1]  In the body of the court's order, the court instructed Young that if he wished to pursue this lawsuit, he must complete the court-approved civil rights complaint form (ECF No. 15).  The court further instructed, "Plaintiff must name as Defendants only those persons against whom his claims arise out of the same transaction, occurrence, or series of transactions or occurrences **and** share a common question of law or fact." (*id.* at 3) (emphasis in original).  The court ordered Young to file an amended civil rights complaint "in compliance with this order," and directed him to submit it on the court form (*id.* at 5) (emphases in original).  The court sent

---

[1] The court also noted that Young peppered his complaint with claims concerning the conditions of his confinement at each prison, for example, overcrowding, extremely hot housing units, inadequate ventilation, inadequate food, false disciplinary reports, and retaliation.

Young a blank court-approved civil rights complaint form with instructions. Additionally, the court warned Young that his "failure to comply with an order of the court <u>will</u> result in a recommendation of dismissal of this action" (*id.*) (emphasis added).

Young filed his Amended Complaint, and expressly stated that it was filed in response to the court's November 2, 2016 order (ECF No. 18 at 2).  The Amended Complaint not only suffers from the same defect as Young's original complaint, but it suffers from an additional defect.  First, Young directly ignored the court's directive to name as Defendants only those persons against whom his claims arose out of the same transaction, occurrence, or series of transactions or occurrences, and shared a common question of law or fact.  Young again named both the RMC Defendants and the Century C.I. Defendants, and again alleged unrelated incidents of excessive force, thus ignoring the court's directive to choose which of the two occurrences of excessive force he wished to pursue in this lawsuit.  Second, despite the court having expressly directed Young to utilize the court-approved complaint form, and the court's even sending him the form, Young failed to file his complaint on the form.

A district court does, and indeed must, have the power to control and direct the cases on its docket.  *See* <u>Burden v. Yates</u>, 644 F.2d 503, 505 (5th Cir. May 8, 1981)

(citations omitted).[2]   This inherent power includes the authority to sanction non-compliant or non-prosecuting plaintiffs "so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).   The sanction may include sua sponte dismissal of a case.   See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").   In general, a dismissal without prejudice is not an abuse of discretion and should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit.   See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion."); see also, e.g., Moskovits v. Aldridge Pite, LLP, No. 16-11216, 2017 WL 343519 (11th Cir. Jan. 24, 2017) (unpublished but recognized for persuasive authority) (district court's dismissal of complaint, without prejudice, for plaintiff's apparent disregard of order directing him to file RICO case statement, was not an

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

abuse of discretion); <u>McKinley v. F.D.I.C.</u>, 645 F. App'x 910, 911 (11th Cir. 2016) (unpublished) (district court's dismissal of complaint, without prejudice, was not abuse of discretion because (1) plaintiff blatantly flouted magistrate judge's order to file an amended complaint which cured deficiencies identified in the order, (2) magistrate's order warned plaintiff of dismissal, and (3) the district judge dismissed without prejudice); <u>Powell v. Harris</u>, 628 F. App'x 679, 681 (11th Cir. 2015) (unpublished) (district court's sua sponte dismissal, without prejudice, of pro se state prisoner's § 1983 complaint, based on failure to comply with court's orders, was not an abuse of discretion; district court twice instructed prisoner on how to correct his complaint and warned him about consequences of not doing so, but prisoner ignored court's orders and filed amended complaint with same deficiencies); <u>Muhammad v. Muhammad</u>, 561 F. App'x 834, 836–37 (11th Cir. 2014) (unpublished) (affirming dismissal, without prejudice, of inmate's pro se § 1983 action due to inmate's failure to comply with court order); <u>Jones v. Commonwealth Land Title Ins. Co.</u>, 459 F. App'x 808, 811 (11th Cir. 2012) (unpublished) (district court's sua sponte dismissal of complaint, without prejudice, was not abuse of discretion after plaintiff failed to comply with court's order requiring him to recast his complaint in accordance with federal pleading standards, since court had reviewed complaint and found it

incomprehensible, ordered plaintiff to make issues clear and to comply with federal pleading requirements, and further warned plaintiff that failure to do so would result in dismissal); Skillern v. Ga. Dep't of Corrs. Com'r, 379 F. App'x 859, 860 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion in dismissing pro se prisoner's case without prejudice because prisoner failed to comply with magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences but instead claimed that many different transactions and occurrences were related because they showed the defendants' overall indifference to his medical conditions); Daniels v. Does, No. 5:14cv277/MW/GRJ, 2015 WL 6329902 (N.D. Fla. Oct. 1, 2015) (unpublished) (dismissing prisoner's § 1983 case, without prejudice, for prisoner's defying two previous court orders in multiple ways, including asserting unrelated claims against different defendants at different prisons, and failing to utilize the court-approved complaint form), Report and Recommendation Adopted by 2015 WL 6182981 (N.D. Fla. Oct. 21, 2015).

Here, because Young defied the court's order in more than one way, dismissal of this action, without prejudice, is warranted.  Not only would permitting Young to proceed with this lawsuit as pled violate Rule 20, but it would defeat the purpose of

the Prison Litigation Reform Act ("PLRA") because it would allow Young to pursue two lawsuits for the price of one, so to speak, in terms of both the filing fee and potentially avoiding more that one "strike," under the "three strikes" provision of the PLRA, if each excessive force claim was determined to be subject to dismissal under § 1915(e)(2)(B).  *See* 28 U.S.C. § 1915(a), (b), (e), (g).

Moreover, dismissal without prejudice will not prejudice Young's substantial rights, as he remains free to pursue his claims against each set of Defendants in separate lawsuits.[3]  Young has adequate time remaining on the four-year statute of limitations to file separate lawsuits against the RMC Defendants and the Century C.I. Defendants, since the alleged use of force by the RMC Defendants occurred on December 5, 2015, and the alleged use of force by the Century C.I. Defendants occurred on February 23, 2016.  Therefore, dismissal without prejudice would not have the effect of a dismissal with prejudice for purposes of the statute of limitations.

For the aforementioned reasons, it is respectfully **RECOMMENDED** that:

1.    This case be **DISMISSED without prejudice** for misjoinder of Defendants and for failure to comply with an order of the court.

---

[3] The court expresses no opinion as to whether the Amended Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

2.      That the clerk be directed to enter judgment accordingly and close the

file.

At Pensacola, Florida, this 1<u>st</u> day of February 2017.


/s/ *Elizabeth M. Timothy*

**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**